# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY V. YUNIK, | ) | |
| | ) | Civil Action No. 2: 14-cv-0202 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Senior United District Judge |
| | ) | Donetta W. Ambrose |
| JOHN C. WETZEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On February 12, 2014, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received from Plaintiff Jay V. Yunik a motion to proceed *in forma pauperis* (ECF No. 1), accompanied by a Complaint brought pursuant to 42 U.S.C. § 1983. The case was referred to a united states magistrate judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court. Because the Motion for Leave to Proceed in forma pauperis was received without the necessary forms, the case was administratively closed without prejudice pending Plaintiff submitting the required paperwork. On February 19, 2014, upon the Court receiving the necessary paperwork, the case was reopened, the motion for leave to proceed in forma pauperis was granted (ECF No. 5), and the Complaint was filed (ECF No. 6).

In his Complaint, Plaintiff claims that his First, Fourth, Eighth, and Fourteenth Amendment rights were violated when his cell was searched in December of 2012, documents were seized during the search, and he was subjected to sanctions for misconduct for possessing contraband, all in retaliation for Plaintiff's exercise of his speech as protected by the First Amendment. (ECF No. 6, page 2). Named as Defendants are John C. Wetzel, Secretary of the

Department of Corrections of Pennsylvania; Brian Coleman, Superintendent of SCI Fayette; Debra Rand, assistant general counsel for the Department of Corrections; Michael Tkacs, Correctional Officer at SCI Fayette; Captain Trempus, Captain of Security at SCI Fayette; and R. Mackey, a misconduct hearings officer. *Id.* at 5.

On May 19, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No. 18), to which Plaintiff filed a Response in Opposition (ECF No. 31).

On August 29, 2014, the Magistrate Judge filed a Report and Recommendation (ECF No. 35) recommending that the Motion to Dismiss filed by Defendants be granted in part and denied in part. Specifically, the Magistrate Judge recommended that only the First Amendment retaliation claim survive the Motion to Dismiss, and that Defendants Wetzel, Coleman, and Trempus be dismissed from the case, leaving only Defendants Rand, Tkacs, and Mackey.

Plaintiff filed timely Objections to the Report and Recommendation on September 30, 2014 (ECF No. 38). Plaintiff argues that the Magistrate Judge erred in recommending that Defendants Wetzel and Coleman be dismissed. In support of his argument, Plaintiff submits again the Declaration of William Savage, Plaintiff's cellmate, in which Mr. Savage avers that he overheard a correctional officer tell Plaintiff that the order to search Plaintiff's cell came "from way, way up."[1] Plaintiff contends that this statement is sufficient to establish the personal involvement of Superintendent John Wetzel. The Court finds that the Magistrate Judge was correct in finding that this statement is not enough to establish personal involvement under § 1983.

The Court finds the same is true of Defendant Coleman. Plaintiff argues that Defendant Coleman, the Superintendent of SCI-Fayette, had personal knowledge of the events surrounding

---

1 The Affidavit of William Savage was attached to Plaintiff's Complaint, as well as attached to Plaintiff's Response to the motion to dismiss.

this lawsuit because Defendant Coleman denied Plaintiff's appeal of his misconduct on January 28, 2013. It is well established that personal knowledge of constitutional violations cannot be established solely as a result of addressing grievances. *See Rode v Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988). The denial of a grievance or mere concurrence in an administrative appeal process is insufficient to establish personal involvement. *See Simonton v. Tennis,* 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."). Applying this standard here, the Court finds that the Magistrate Judge was correct in finding that the Complaint contains insufficient allegations to establish personal involvement by Defendant Coleman.

For these reasons, the Court concludes that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 21st day of October 8, 2014;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants (ECF No. 18) is **GRANTED IN PART AND DENIED IN PART.** The Motion is granted as to Plaintiff's claims brought under the Fourth, Eighth and Fourteenth Amendments. The Motion is denied as to Plaintiff's First Amendment retaliation claim.

It is **FURTHER ORDERED** that Defendants Wetzel, Coleman, and Trempus are dismissed from the case, leaving only Defendants Rand, Tkacs, and Mackey.[2]

---

[2] The Court notes that on October 1, 2014, Defendants filed a Suggestion of Death as to Defendant Richard Mackey (ECF No. 39). Plaintiff has asked the Court to place the Estate of Richard Mackey in escrow until the completion of this case (ECF No. 41). The matter is

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 35) dated

August 29, 2014, is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendants  Rand, Tkacs, and Mackey shall file

their responsive pleading in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).


By the Court:

Donetta W. Ambrose
Senior U.S. District Judge


cc:   JAY V. YUNIK
      EK 5560
      P.O. Box 945
      Marienville, PA 16239
      (via U.S. First Class postage)

      Robert A. Willig
      Office of Attorney General
      (via CM/ECF electronic notification)

---

currently under advisement.