# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY V. YUNIK, ) | Civil Action No. 2: 14-cv-00202 |
| Plaintiff, ) | |
| ) | Senior United States District Judge |
| v. ) | Donetta W. Ambrose |
| ) | |
| DEBRA RAND, MICHAEL TKACS, and ) | |
| JERRI L. MACKEY, Personal ) | |
| Representative and Administratrix of the ) | |
| Estate of Richard Mackey, ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on pro se Plaintiff Jay V. Yunik's objections to the December 15, 2015 Report and Recommendation ("R&R") of Magistrate Judge Cynthia Reed Eddy, which recommended that Defendants' motion for summary judgment be granted.

On November 2, 2015, Defendants filed a motion for summary judgment, with brief in support, arguing that they are entitled to judgment as a matter of law as Plaintiff cannot establish a retaliation claim against them. (ECF Nos. 118 and 119.) In response, Plaintiff filed a well-argued response and brief in opposition in which he continued to advance his argument that his cell was searched and certain materials seized in retaliation for his published article in the prison newsletter. (ECF Nos. 123 and 124).

On December 15, 2015, the magistrate judge filed a R&R (ECF No. 125) recommending that Defendants' motion for summary judgment be granted. Plaintiff was served with the R&R at his listed address. The R&R sets forth a comprehensive account of the factual background which gives rise to the surviving claim in this case. The parties were advised that written objections to the R&R were due fourteen (14) days after service. (ECF No. 126). Plaintiff timely filed the instant objections.

1

The Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge. Plaintiff argues that the R&R is based "on a false premise, i.e., the adverse action was the result of Plaintiff's confiscated documents by prison officials, when in fact, the adverse action complained of "**Consistantly**" by the Plaintiff, was being placed in "RHU" for 26 days, loss of his prison job, transfer to a more violent prison, and constant post harassment by prison officials because of his article in the *Graterfriends* prison newsletter." Obj. at 1. The Court disagrees with this argument. The genesis and focus of this lawsuit has always been the confiscation of Plaintiff's materials two months after Plaintiff's article appeared in the prison newsletter.

The summary judgment evidence reflects that Plaintiff's article was published on October 12, 2012, and clearly referenced Uniform Commercial Code ("UCC") materials. Nearly two months later, on December 7, 2012, Plaintiff's cell was subject to a search, during which contraband, in the form of UCC material, was confiscated from his cell. The policies of the Department of Corrections are clear that when documentation concerning UCC filing or the redemptive process are found, such documentation shall be confiscated and considered contraband. See DC-ADM 803, 815.

As a result of the contraband confiscated during the cell search, Plaintiff received a misconduct. After a hearing on the misconduct, Plaintiff was found guilty and sentenced to 30 days in the Restricted Housing Unit, of which he served 26 days.

This Court agrees with the R&R that Plaintiff has failed to state a prima facie case of retaliation. Not only was Plaintiff not subjected to an adverse action – as cell searches are not an "adverse action" for retaliation purposes -- but the cell search was not in retaliation for Plaintiff engaging in constitutionally protected activity. Plaintiff simply had no protected right to possess

2

UCC material. The corrections officers learned of the potential existence of contraband by way of Plaintiff's published article in the prison newsletter. The corrections officers had the right to investigate that potential and to confiscate any contraband discovered in that process. The actions of the search team were taken purely under the auspices of their security obligations to ensure that inmates are not in possession of or involved in the distribution of contraband.

The seized material was forwarded and reviewed by Defendant Rand, assistant counsel in the DOC legal office. She determined that all of the confiscated materials, with the exception of the copies of the statutes, were UCC related materials and considered contraband. Once it was determined that the confiscated material was contraband, Defendant Tkacs issued an appropriate misconduct report. Hearing Officer Mackey conducted a proper hearing and found that the written report of Defendant Tkacs was more credible that Plaintiff's denial of being in possession of contraband.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 1st day of February, 2016:

1. Defendants' motion for summary judgment (ECF No. 118) is **GRANTED;** and

2. **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 125) dated December 15, 2015, is **ADOPTED** as the Opinion of the Court, as supplemented by the Memorandum Opinion accompanying this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 127) is **DENIED AS MOOT** as summary judgment has been granted to Defendants. The Court

observes that Plaintiff diligently prosecuted his case; his thorough filings reflect that he was able to effectively conduct discovery and present his arguments.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

    By the Court:

    s/Donetta W. Ambrose
    Donetta W. Ambrose
    Senior United States District Judge

cc:    JAY V. YUNIK
    P.O. Box 525
    Linesville, PA 16424

    Yana L. Warshafsky
    Office of the Attorney General